Rel: March 24, 2023

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# Alabama Court of Criminal Appeals

## OCTOBER TERM, 2022-2023

———————————————

### CR-18-0060

———————————————

**Derrick Dearman**

**v.**

**State of Alabama**

**Appeal from Mobile Circuit Court**
**(CC-17-1628, CC-17-1629, CC-17-1630, CC-17-1631, and CC-17-1632)**

On Return to Remand

McCOOL, Judge.

Derrick Dearman pleaded guilty to five counts of murder made capital for intentionally killing five people – Robert Lee Brown, Chelsea Reed, Justin Reed, Joseph Adam Turner, and Shannon Randall – during

the course of a burglary, see § 13A-5-40(a)(4), Ala. Code 1975, and five counts of murder made capital because the victims were murdered by one act or pursuant to one scheme or course of conduct, see § 13A-5-40(a)(10), Ala. Code 1975. The matter was then presented to a jury for the jury to determine whether the State had proven its case against Dearman beyond a reasonable doubt, as required by § 13A–5–42, Ala. Code 1975. The jury returned a verdict of guilty for each of the 10 counts of capital murder. Subsequently, during the penalty-phase of Dearman's trial, the jury unanimously recommended a sentence of death. On October 12, 2018, the circuit court followed the jury's recommendation and sentenced Dearman to death. Dearman appealed to this Court. In an opinion dated August 5, 2022, this Court affirmed Dearman's five convictions for murdering the five individuals during the course of a burglary and one conviction for committing the murders pursuant to one scheme or course of conduct. See Dearman v. State, [No. CR-18-0060, August 5, 2022] ___ So. 3d ___ (Ala. Crim. App. 2022). After finding a double-jeopardy violation, we remanded this case to the circuit court with instructions for the circuit court to vacate four of Dearman's convictions for murdering

five victims by one act or pursuant to one scheme or course of conduct under § 13A-5-40(a)(10), Ala. Code 1975.

On remand, the circuit court complied with this Court's instructions. The circuit court held a hearing, during which Dearman was present with his counsel, and set aside four of Dearman's convictions of capital murder for murdering two or more people in the course of one scheme or course of conduct. The circuit court subsequently issued the following order:

> "Pursuant to the Opinion dated August 5, 2022, from the Alabama Court of Criminal Appeals, remanding [Dearman's] Capital Murder cases to this Court for four of [Dearman's] capital-murder convictions to be vacated, this Court hereby SETS ASIDE the conviction and vacates the sentence in Count II of the following cases: CC2017-001629.00, CC2017-001630.00, CC2017-001631.00, and CC2017-001632.00.
>
> "The conviction and sentence in Counts I and II of CC2017-001628.00 and Count I in CC2017-001629.00, CC2017-001630.00, CC2017-001631.00, and CC2017-001632.00, are unaffected by this order."

(Record on Return to Remand, 163.)

On return to remand, Dearman filed a supplemental brief under Rule 28A(a), Ala. R. App. P. In his supplemental brief, Dearman alleged that a remand was necessary "for clarification of the circuit court's order" because, he says, the circuit court's order vacating the convictions and

3

sentences imposed in Count II of four of the cases "is inconsistent with the original sentence imposed by the judge and jury" and is necessary "to preserve [his] rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution, the corresponding portions of the Alabama Constitution, and Alabama Law." (Dearman's brief on return to remand, 8.) He also claims that the imposition of the death penalty was improper in this case because, he says, the circuit court "did not reweigh the aggravating and mitigating circumstances without consideration of the vacated convictions." (Dearman's brief on return to remand, 9.)

## I.

First, Dearman alleges that the circuit court's order vacating the convictions and sentences for four of his five convictions was "inconsistent with the original sentence imposed by the judge and the jury" and that it violates his rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments, as well as Alabama law. We initially note that this portion of Dearman's brief on return to remand fails to comply with Rule 28(a)(10), Ala. R. App. P., because he failed to provide any citations to relevant legal authority in support of his argument. Dearman's

4

supplemental brief on return to remand cites one case in this portion of his brief; however, he failed to provide any argument as to how that case supports his claim that the circuit court's order issued on remand was improper. Thus, his argument fails to satisfy Rule 28(a)(10). See Hodges v. State, 926 So.2d 1060, 1075 (Ala. Crim. App. 2005)( "[C]iting a case with no discussion as to its relevance is insufficient to satisfy Rule 28(a)(10).") Moreover, the circuit court's order vacating his convictions and sentences in Count II of CC-17-1629, CC-17-1630, CC-17-1631, and CC-17-1632 was in compliance with the instructions set forth in our opinion remanding this case to the circuit court. We do not find that the circuit court's order was unclear or ambiguous. Therefore, Dearman is not entitled to relief on this claim.

## II.

Next, Dearman specifically contends that vacating four of the five convictions for murder made capital because the murders were committed pursuant to one scheme or course of conduct changed the "weight of the aggravating circumstances" in the present case and, thus, a remand is necessary for the court to reweigh the aggravating and

mitigating circumstances "without consideration of the invalid convictions." (Dearman's brief on return to remand, 11.) We disagree.

In the present case, the jury's determination that Dearman had committed the crime of murder made capital because two or more persons were murdered by the defendant by one act or pursuant to one scheme or course of conduct established <u>one</u> aggravating circumstance -- that "[t]he defendant intentionally caused the death of two or more persons by one act or pursuant to one scheme or course of conduct" under Section 13A-5-49(9), Ala. Code 1975. <u>See</u> § 13A-5-45(e), Ala. Code 1975. Although Dearman was originally improperly convicted of more than one count of murder made capital because two or more persons were murdered by the defendant by one act or pursuant to one scheme or course of conduct, the remaining conviction for capital murder under § 13A-5-40(a)(10) was sufficient to establish the existence of the aggravating circumstance under § 13A-5-49(9) -- that the defendant intentionally caused the death of two or more persons by one act or pursuant to one scheme or course of conduct. Nothing in the record suggests that the jury or the circuit court improperly considered each of Dearman's convictions under § 13A-5-40(a)(10) as more than one aggravating circumstance under § 13A-5-

49(9), Ala. Code 1975. When the court instructed the jury concerning the aggravating circumstances that it could consider when making its determination regarding sentencing, the circuit court properly instructed the jury that its verdicts established by law the aggravating circumstances that: 1) "the capital offense was committed during the course of a burglary," and 2) "that the capital offense involved the death of two or more people pursuant to one act or pursuant to one common scheme or design."[1] (R. 1659.) At the sentencing hearing and in its sentencing order, the circuit court specifically referred to the aggravating circumstance of § 13A-5-49(9) as <u>one</u> of three aggravating circumstances that it considered when it sentenced Dearman. <u>See</u> (C. 480-81; R. 1701-03.) Therefore, because the record clearly indicates that the jury and the circuit court gave the proper consideration to the one aggravating circumstance that was established by the jury's determination of guilt for the charge of murder made capital because two or more persons were

---

[1] The circuit court also instructed the jury that it could consider the aggravating circumstance that the capital offense was especially heinous, atrocious, or cruel compared to other capital offenses, <u>see</u> § 13A-5-49(8), Ala. Code 1975, if the jury unanimously found that the State had proven that aggravating circumstance beyond a reasonable doubt, which the jury did.

murdered by the defendant by one act or pursuant to one scheme or course of conduct, a remand for the circuit court to reconsider Dearman's sentence of death is unnecessary.

Further, the aggravating facts that support the existence of the aggravating circumstance in question are the same regardless of whether Dearman had one or more than one conviction for murder made capital because two or more persons were murdered by the defendant by one act or pursuant to one scheme or course of conduct. As Presiding Judge Windom explained in her special writing in Shaw v. State, 207 So. 3d 79 at 131-32 (Ala. Crim. App. 2014)(Windom, P.J., concurring in part and dissenting in part):

"As the Supreme Court of the United States has explained, '[a]n invalidated sentencing factor (whether an eligibility factor or not) will render the sentence unconstitutional by reason of its adding an improper element to the aggravation scale in the weighing process unless one of the other sentencing factors enables the sentencer to give aggravating weight to the same facts and circumstances.' Brown v. Sanders, 546 U.S. at 220. In other words, it is the facts supporting an aggravating circumstance that must be considered in determining whether a sentence of death should be imposed. Thus, if an invalid aggravating circumstance is considered, no constitutional error occurs if the facts supporting that invalid aggravating circumstance could have been considered in support of a valid aggravating circumstance. Id. As the Supreme Court explained, consideration of an invalid aggravating circumstance will

8

> skew the sentencing scheme 'and give rise to constitutional error, only where the jury could not have given aggravating weight to the same facts and circumstances under the rubric of some other, valid sentencing factor.' <u>Brown</u>, 546 U.S. at 221."

Adopting this reasoning, we hold that, because the same aggravating facts were properly considered to support Dearman's remaining capital-murder conviction under § 13A-5-40(a)(10), Ala. Code 1975, the fact that this Court has ordered four of Dearman's convictions under § 13A-5-40(a)(10) to be set aside does not render Dearman's sentence or sentencing process invalid.[2]

<u>Conclusion</u>

This Court previously affirmed Dearman's five convictions for capital murder committed during a burglary, and one conviction for the murder of two or more people during one scheme or course of conduct.

---

[2] We recognize that, in <u>Shaw</u>, this Court did initially instruct the circuit court to reweigh the aggravating and mitigating circumstances when it remanded the case to vacate one of Shaw's capital-murder convictions under § 13A-5-40(a)(10), Ala. Code 1975, because this Court found that "the circuit court specifically referenced four capital-murder convictions in its sentencing order." <u>See</u> <u>Shaw</u>, 207 So. 3d at 130. However, this Court also noted on return to remand that it had instructed the circuit court to reweigh the aggravating and mitigating circumstances "in an abundance of caution." <u>See</u> <u>Shaw</u>, 207 So. 3d at 132. For the reasons stated in this opinion, a reweighing of the aggravating and mitigating circumstances is unnecessary in this case.

Pursuant to the requirements of § 13A-5-53(b), Ala. Code 1975, this Court also previously determined that: 1) Dearman's death sentences "were not imposed under the influence of passion, prejudice, or any other arbitrary factor;" 2) that this Court had independently reweighed the aggravating and mitigating circumstances presented in this case and found that Dearman's death sentences were appropriate; and 3) that Dearman's death sentences were neither disproportionate nor excessive as compared to the penalties imposed in similar cases. See Dearman, ___ So. 3d at ___. The circuit court has now properly complied with this Court's instruction to vacate four of Dearman's convictions for the murder made capital because the victims were murdered by one act or pursuant to one scheme or court of conduct. Accordingly, the circuit court's judgment imposing sentence of death for Dearman's convictions for two counts of capital-murder convictions in CC-17-1628, and one count of capital-murder in CC17-1629, CC17-1630, CC17-1631, and CC17-1632 is hereby affirmed.

AFFIRMED.

Windom, P.J., and Kellum, Cole, and Minor, JJ., concur.